to it was not a licensee. Defendant's employee, in sending plaintiff upon a personal errand, was not acting within the scope of his employment or in furtherance of defendant's interest. (*Muller* v. *Hillenbrand*, 227 N. Y. 448; *Rolfe* v. *Hewitt*, Id. 486; *Mott* v. *Consumers' Ice Company*, 73 id. 543.) Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: Defendant's proof was that the machine was guarded and that the guard made an accident impossible. The jury found that the boy was injured by the machine; therefore, the jury found that the machine was not guarded. This failure to guard was a violation of the statute, ■ the primary purpose of which, but not the sole purpose, was to protect defendant's employees. The maintenance of the machine in this unguarded condition while functioning was in the nature of a trap which operated to the damage of the plaintiff, and for the maintenance of which trap defendant should be required to respond to plaintiff even though he is not a licensee.

WALTER FABISIAK, Respondent, v. EMPIRE STEEL PARTITION Co., INC., Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs, upon authority of *Fabisiak* v. *Empire Steel Partition Co., Inc.* (*ante*, p. 665), decided herewith. Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Carswell, J., dissents and votes to affirm.·

VINCENZO FISCO, as Administrator with Limited Authority upon the Goods, Chattels and Credits of ROSINA FISCO, Deceased, Respondent, v. FILOMENA ZOCCOLILLO, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

ISIDORE FLANZER, Respondent, v. ANNETTE MANOR REALTY CORPORATION, Appellant. (Appeal No. 1.) — In view of the decision in *Flanzer* v. *Annette Manor Realty Corp., No. 2* (*post*, p. 666), decided herewith, the appeal from the judgment is dismissed, without costs. Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ., concur.

ISIDORE FLANZER, Respondent, v. ANNETTE MANOR REALTY CORPORATION, Appellant. (Appeal No. 2.) — Order denying defendant's motion to vacate judgment and for a new trial reversed upon the law and the facts, and motion granted, costs to abide the event. It clearly appears that the attorney for the respondent was taken ill and unable to proceed with the trial. Under such circumstances the defendant was entitled to an order granting a new trial. Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ., concur.

PETER GASPARI, in His Own Behalf and in Behalf of All Other Creditors Similarly Situated, Respondent, v. VIRGINIA PANELLI and PETER PANELLI, Appellants.— Order denying motion to cancel *lis pendens* affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Kapper and Carswell, JJ., concur.

ISRAEL GOLDFARB, as Executor, etc., of JACOB KING, Also Known as JACOB KONIGSBERG, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Order of Appellate Term affirming judgment of the Municipal Court unanimously affirmed, with costs. No opinion. Present — Young, Rich, Hagarty, Seeger and Scudder, JJ.

GULF OIL BURNER COMPANY, Respondent, v. GRANT HEAT SERVICE, INC.,